## No. 725.

### Heirs of Hewitt vs. William Hampton.

Evidence may be inadmissible for one purpose and admissible for another, *e.g.*, parol evidence is admissible to shew the fact and character of possession of land, but not to establish title thereto, and when admitted, will be considered as having been received for the purpose for which it was admissible.

Before testimonial proof of the contents of a lost instrument, which is made the foundation of a suit or of a defence to a suit, can be introduced, advertisement of the lost instrument must have been made, and must be shewn, and this rule applies equally to instruments evidencing personal contracts and obligations and to those of the title to land.

Heirs *vs.* Hampton.

What is sufficient diligence in attempting to recover a lost instrument will depend upon the facts of each particular case.

The law requires reasonable effort, and makes advertisement indispensable, if the instrument is to be used for either of the purposes above mentioned.

Courts will incline to the reception, rather than the rejection of evidence, tending to elucidate the matters in controversy.

APPEAL from the District Court for Richland.    RAY, J.

*Farmer* for Plaintiff.    *R. W. & R. Richardson* for Defendant.

The suit is for a tract of land and for the rents.    After occupying the land for a year or two Hewitt found himself unable to pay for it, and agreed with Hampton to rescind the sale.    Hampton went into possession and Hewitt removed to another place.    Objection was made to the reception in evidence of this agreement to rescind, on the ground that parol evidence cannot be admitted to shew title to real estate, and also to evidence of the contents of the lost writing which contained this agreement, upon the ground that its loss had not been advertised and sufficient diligence had not been shewn to recover it.

EGAN, J.    The lower court ruled correctly in admitting the evidence so far as it shewed the fact of Hampton's possession and the character of it, and that Hewitt had voluntarily quitted the land and put Hampton in possession.    The evidence was inadmissible to shew title to the land, but admissible for the other purpose, and must be considered as having been received for the purpose for which it was admissible.    Advertisement of a lost instrument must be made before testimonial proof of its contents can be given.    Rev. Civ. Code, Art. 2280.    It is not true, as urged, that this applies only to personal contracts and obligations.    It applies with greater force to obligations affecting the title to real estate.    2 A. 191; 11 A. 533; 12 A. 582; 16 A. 317.    What is sufficient diligence depends upon the facts of each particular case.    There is a discrepancy in the dates of the instrument alleged in the answer to have been lost, and that shewn by evidence to have been executed.    There may have been too much particularity in pleading the exact date.    Courts will incline to the reception rather than rejection of evidence tending to throw light upon the matter in controversy.

*Judgment reversed and case remanded.*